# Illinois Official Reports

## Appellate Court

*Susman v. North Star Trust Co.*, 2015 IL App (1st) 142789

| | |
|---|---|
| Appellate Court Caption | ROBERT M. SUSMAN, Plaintiff-Appellant, v. NORTH STAR TRUST COMPANY, Defendant-Appellee. |
| District & No. | First District, Fifth Division<br>Docket No. 1-14-2789 |
| Filed<br>Rehearing denied | March 31, 2015<br>April 27, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 2014-L-2839; the Hon. Patrick J. Sherlock, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Barbara A. Susman, of Susman & Associates, P.C., of Chicago, for appellant.<br><br>Leonard S. Shifflett and Christopher J. Zdarsky, both of Quarles & Brady LLP, of Chicago, for appellee. |
| Panel | JUSTICE GORDON delivered the judgment of the court, with opinion.<br>Presiding Justice Palmer and Justice Reyes concurred in the judgment and opinion. |

**OPINION**

¶ 1    In this appeal, plaintiff Robert M. Susman appeals from the trial court's grant of defendant North Star Trust Company's *forum non conveniens* motion to transfer this case from Cook County to Lake County. The underlying case concerns the transfer of an interest in real property located in Lake County. For the following reasons, we conclude that the trial court did not abuse its discretion in granting the *forum non conveniens* motion and we affirm.

¶ 2                            BACKGROUND

¶ 3    Plaintiff brought this action against defendant seeking damages caused by defendant's alleged breach of fiduciary duty in defendant's role as the trustee for land trust No. 1570, created May 20, 1961 (the land trust).

¶ 4    The real estate at issue is located in Lake County, and title to it was placed in the land trust by Matt and Angeline Susman on May 20, 1961, by a deed recorded in Lake County. Thereafter, Matt and Angeline Susman died and their two sons, Robert and Donald Susman, became the beneficiaries of the land trust. Robert Susman is the plaintiff in the instant action. After Donald Susman's death, a probate proceeding was commenced in the circuit court of Lake County.

¶ 5    In the instant action, plaintiff alleges that in March 2009, defendant, which was the entity administering the land trust, erroneously issued two trustee deeds conveying trust property from the land trust, of which plaintiff was a beneficiary, to the executor of the estate of Donald Susman. It is this transfer which forms the basis of plaintiff's one-count complaint for breach of fiduciary duty.

¶ 6    Before answering or otherwise responding to the complaint, defendant moved to transfer the case from Cook County to Lake County pursuant to the doctrine of *forum non conveniens*. On August 12, 2014, the trial court granted defendant's motion; and on September 11, 2014, plaintiff filed a petition seeking leave of this court to appeal this decision. On October 10, 2014, we granted plaintiff's petition, and this appeal followed.

¶ 7                            ANALYSIS

¶ 8    In this interlocutory appeal, plaintiff appeals the trial court's grant of defendant's *forum non conveniens* motion to transfer the case from Cook County to Lake County. For the following reasons, we affirm.

¶ 9                       I. Interlocutory Appeal

¶ 10   Defendant moved the trial court pursuant to Illinois Supreme Court Rule 187 (eff. Jan. 4, 2013) to transfer this case from Cook County to Lake County. Rule 187(a) provides: "A motion to dismiss or transfer the action under the doctrine of *forum non conveniens* must be filed by a party not later than 90 days after the last day allowed for the filing of that party's answer." Ill. S. Ct. R. 187(a) (eff. Jan. 4, 2013). If the trial court orders an "[i]ntrastate transfer of action," the "clerk of the court from which a transfer is granted to another circuit court in this State on the ground of *forum non conveniens* shall immediately certify and transmit to the clerk of the court to which the transfer is ordered the originals of all documents filed in the case together with copies of all orders entered therein." Ill. S. Ct. R. 187(c) (eff. Jan. 4, 2013). The

rule further provides: "The clerk of the court to which the transfer is ordered shall file the documents and transcript transmitted to him or her and docket the case, and the action shall proceed and be determined as if it had originated in that court." Ill. S. Ct. R. 187(c) (eff. Jan. 4, 2013).

¶ 11 Since the trial court ordered an intrastate transfer, this is an interlocutory appeal, taken pursuant to Illinois Supreme Court Rule 306 (eff. July 1, 2014). Rule 306 permits a party to petition the appellate court for leave to appeal "an order of the circuit court allowing or denying a motion to dismiss on the grounds of *forum non conveniens*, or from an order of the circuit court allowing or denying a motion to transfer a case to another county within this State on such grounds." Ill. S. Ct. R. 306(a)(2) (eff. July 1, 2014). On October 10, 2014, this court granted plaintiff's petition for leave to appeal, and this appeal followed.

¶ 12 Illinois Supreme Court Rule 306(c)(1) (eff. July 1, 2014) requires the petition to be accompanied by a supporting record, as that term is defined by Illinois Supreme Court Rule 328 (eff. Feb. 1, 1994). Rule 328 permits a "supporting record" to be authenticated either by a certificate of the circuit court clerk or "by the affidavit of the attorney or party filing it." Ill. S. Ct. R. 328 (eff. Feb. 1, 1994). In the case at bar, the supporting record was authenticated by an attorney's affidavit. After the petition was granted, this court did not order plaintiff to file a record, as permitted by Illinois Supreme Court Rule 306(c)(6) (eff. July 1, 2014). Defendant then filed a supplementary supporting record, as permitted by Illinois Supreme Court Rule 306(c)(2) (eff. July 1, 2014). Thus, this appeal is based on the supporting records filed by both plaintiff and defendant.

¶ 13 II. Standard of Review

¶ 14 The standard of review for a *forum non conveniens* decision is abuse of discretion. *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 441 (2006).

¶ 15 "*Forum non conveniens* is an equitable doctrine founded in considerations of fundamental fairness and the sensible and effective administration of justice." *Langenhorst*, 219 Ill. 2d at 441 (citing *Vinson v. Allstate*, 144 Ill. 2d 306, 310 (1991)). "This doctrine allows a trial court to decline jurisdiction when trial in another forum 'would better serve the ends of justice.' " *Langenhorst*, 219 Ill. 2d at 441 (quoting *Vinson*, 144 Ill. 2d at 310). "*Forum non conveniens* is applicable when the choice is between interstate forums as well as when the choice is between intrastate forums," such as in the case at bar. *Glass v. DOT Transportation, Inc.*, 393 Ill. App. 3d 829, 832 (2009).

¶ 16 "A trial court is afforded considerable discretion in ruling on a *forum non conveniens* motion." *Langenhorst*, 219 Ill. 2d at 441."We will reverse the circuit court's decision only if defendants have shown that the circuit court abused its discretion in balancing the relevant factors." *Langenhorst*, 219 Ill. 2d at 442 (citing *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 176-77 (2003)). "A circuit court abuses its discretion in balancing the relevant factors only where no reasonable person would take the view adopted by the circuit court." *Langenhorst*, 219 Ill. 2d at 442 (citing *Dawdy*, 207 Ill. 2d at 177); *Glass*, 393 Ill. App. 3d at 832.

¶ 17 Despite the fact that a discretionary standard is well established for this equitable doctrine, plaintiff argues that our standard of review should be *de novo*, because the trial court did not conduct an evidentiary hearing. In support of this argument, plaintiff cites *Townsend v. Sears, Roebuck & Co.*, 227 Ill. 2d 147, 154 (2007), which was a choice-of-law case. In *Townsend*, our

supreme court observed: "It is generally held that a trial court's choice-of-law determination is reviewed *de novo*." *Townsend*, 227 Ill. 2d at 153. Even after defendant in its response brief criticized plaintiff for failing to cite a *forum non conveniens* case to support this point, plaintiff did not provide a cite to a *forum non conveniens* case in his reply brief.

¶ 18    We are not persuaded to deviate from the well-established standard by one cite to a choice-of-law case. "The issue, then, is not what decision we would have reached if we were reviewing the facts on a clean slate, but whether the trial court acted in a way that no reasonable person would." *Vivas v. The Boeing Co.*, 392 Ill. App. 3d 644, 657 (2009).

¶ 19                                    III. Plaintiff's Choice of Forum

¶ 20    "Before weighing the relevant factors, a court must first decide how much deference to give to a plaintiff's choice of forum." *Vivas*, 392 Ill. App. 3d at 657 (citing *Langenhorst*, 219 Ill. 2d at 448 (the supreme court determined the appropriate amount of deference before weighing the relevant factors)).

¶ 21    Normally, the plaintiff's choice of forum is a substantial factor in deciding a *forum non conveniens* motion. *Dawdy*, 207 Ill. 2d at 172; *Vivas*, 392 Ill. App. 3d at 657. However, where the plaintiff chooses a forum other than where he resides, his choice is not entitled to the same weight. *Dawdy*, 207 Ill. 2d at 173-76; *Vivas*, 392 Ill. App. 3d at 657.

¶ 22    Plaintiff argues that, although he did not choose his home forum, his choice is entitled to substantial deference and he cites in support both *First American Bank v. Guerine*, 198 Ill. 2d 511, 517 (2002), and *Glass v. DOT Transportation, Inc.*, 393 Ill. App. 3d 829, 832 (2009). In *Guerine*, our supreme court explained: " 'When the home forum is chosen, it is reasonable to assume that the choice is convenient. When the plaintiff is foreign to the forum chosen, however, the assumption is much less reasonable and the plaintiff's choice deserves less deference.' " *Guerine*, 198 Ill. 2d at 517 (quoting *Wieser v. Missouri Pacific R.R. Co.*, 98 Ill. 2d 359, 367 (1983)).

¶ 23    In *Glass*, also cited by plaintiff, this court stated: "While the deference to be accorded a plaintiff as to his choice of forum is less when the plaintiff chooses a forum other than where he resides, ' "the deference to be accorded is only *less*, as opposed to *none*." ' " (Emphases in original.) *Glass*, 393 Ill. App. 3d at 834 (quoting *Guerine*, 198 Ill. 2d at 518, quoting *Elling v. State Farm Mutual Automobile Insurance Co.*, 291 Ill. App. 3d 311, 318 (1997)).

¶ 24    Thus, plaintiff's choice of a foreign forum receives "some deference" but less deference than if he had chosen his home forum. *Vivas*, 392 Ill. App. 3d at 657-58.

¶ 25                                    IV. Private Interest Factors

¶ 26    The Illinois Supreme Court has held that a court must consider both "the private and public interest factors" in deciding a *forum non conveniens* motion. *Langenhorst*, 219 Ill. 2d at 443; *Dawdy*, 207 Ill. 2d at 172-73; see also *Vivas*, 392 Ill. App. 3d at 658. The private interest factors include: " '(1) the convenience of the parties; (2) the relative ease of access to sources of testimonial, documentary, and real evidence; and (3) all other practical problems that make trial of a case easy, expeditious, and inexpensive.' " *Langenhorst*, 219 Ill. 2d at 443 (quoting *Guerine*, 198 Ill. 2d at 516); *Dawdy*, 207 Ill. 2d at 172; see also *Vivas*, 392 Ill. App. 3d at 658.

¶ 27    First, the convenience of the parties does not strongly favor either county. *Langenhorst*, 219 Ill. 2d at 443. Since defendant is seeking the transfer to Lake County, the convenience of

- 4 -

defendant and the witnesses under its control fades as an issue. One party cannot argue the other party's convenience. *Vivas*, 392 Ill. App. 3d at 658. As for plaintiff, his complaint states that "his principal place of residence" is in "Waukegan, Illinois," which is in Lake County. Hence, plaintiff cannot be heard to complain that his home forum is inconvenient unless other factors are at issue.

¶ 28 Second, the relative ease of access to sources of testimonial, documentary and real evidence does not indicate that the trial court abused its discretion. *Langenhorst*, 219 Ill. 2d at 443. Plaintiff's appellate brief argues that "all documents, custodians and witnesses are located in the Cook County corporate headquarters of Defendant-Appellant North Star." However, defendant, as a party, is under an obligation to produce its employees and relevant documents, whether the suit proceeds in Lake or Cook County. Supreme Court Rule 201(b)(1) provides that "a party may obtain by discovery full disclosure regarding any matter relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking disclosure or of any other party, including the existence, description, nature, custody, condition, and location of any documents or tangible things, and the identity and location of persons having knowledge of relevant facts." Ill. S. Ct. R. 201(b)(1) (eff. July 1, 2014). Supreme Court Rule 204 provides: "Service of notice of the taking of the deposition of a party or person who is currently an officer, director, or employee of a party is sufficient to require the appearance of the deponent and the production of any documents or tangible things listed in the notice." Ill. S. Ct. R. 204(a)(3) (eff. July 1, 2014). If a party refuses to comply with discovery rules or orders, a court in either Cook County or Lake County is fully empowered to enforce them. Ill. S. Ct. R. 219 (eff. July 1, 2002) ("Consequences of Refusal to Comply with Rules or Order Relating to Discovery or Pretrial Conferences").

¶ 29 In addition, "the location of documents, records and photographs has become a less significant factor in *forum non conveniens* analysis in the modern age of e-mail, Internet, telefax, copying machines and world-wide delivery services, since they can now be easily copied and sent." *Vivas*, 392 Ill. App. 3d at 659 (citing *Woodward v. Bridgestone/Firestone, Inc.*, 368 Ill. App. 3d 827, 834 (2006)).

¶ 30 Thus, consideration of the ease of access does not indicate an abuse of discretion by the trial court.

¶ 31 Third, consideration of " 'all other practical problems that make trial of a case easy, expeditious, and inexpensive' " also does not indicate an abuse of discretion. *Langenhorst*, 219 Ill. 2d at 443 (quoting *Guerine*, 198 Ill. 2d at 516); *Dawdy*, 207 Ill. 2d at 172; see also *Vivas*, 392 Ill. App. 3d at 658. This court, which is located in Chicago, Cook County, may take judicial notice of the fact that Lake County is adjacent to Cook County and that many people commute every day from Lake County to work in Chicago. Ill. R. Evid. 201(b) (eff. Jan. 1, 2011) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is *** generally known within the territorial jurisdiction of the trial court ***."); Ill. R. Evid. 201(c) (eff. Jan. 1, 2011) ("A court may take judicial notice, whether requested or not."). The close proximity of the two counties, and the many roads and trains between the two, reduces any practical problems. *Spiegelman v. Victory Memorial Hospital*, 392 Ill. App. 3d 826, 844 (2009) (observing "the close proximity of Lake County to Cook County"); *Huffman v. Inland Oil & Transport Co.*, 98 Ill. App. 3d 1010, 1018 (1981) ("arguments regarding convenience to the parties and the witnesses [are] of little merit where the Missouri forum suggested by defendant was only 15 miles from the chosen forum").

¶ 32    Thus, consideration of the private factors does not lead us to conclude that the trial court abused its discretion.

¶ 33                                    V. Public Factors

¶ 34    When deciding a *forum non conveniens* motion, a court must also consider the public interest factors. These factors include: "(1) the interest in deciding controversies locally; (2) the unfairness of imposing trial expense and the burden of jury duty on residents of a forum that has little connection to the litigation; and (3) the administrative difficulties presented by adding litigation to already congested court dockets." *Langenhorst*, 219 Ill. 2d at 443-44 (citing *Guerine*, 198 Ill. 2d at 516-17); *Gridley v. State Farm Mutual Automobile Insurance Co.*, 217 Ill. 2d 158, 170 (2005); *Dawdy*, 207 Ill. 2d at 173. See also *Vivas*, 392 Ill. App. 3d at 660.

¶ 35    At the heart of this issue is the proper ownership of land in Lake County and a deed filed in Lake County. Thus, "the interest in deciding controversies locally" and the fairness in imposing a burden and expense on residents of a forum with a "connection to the litigation" favors Lake County. *Langenhorst*, 219 Ill. 2d at 443.

¶ 36    In its August 12, 2014, order, the trial court observed: "The parties do not contest that the dockets in Lake County are less congested than the dockets in Cook County." Although "[c]ourt congestion is a relatively insignificant factor," it is still a factor. *Guerine*, 198 Ill. 2d at 517. Plaintiff did not argue in the court below or before this court that Cook County is less congested, nor could he. *Hackl v. Advocate Health & Hospitals Corp.*, 382 Ill. App. 3d 442, 453 (2008) ("we recognize that Cook County does have more cases filed than Lake County and also takes more time for those cases to reach verdict"). *Cf. Guerine*, 198 Ill. 2d at 525 (observing that "Cook County circuit court is more congested" than other Illinois county circuit courts).

¶ 37    An examination of both the private and public factors does not support a conclusion that the trial court abused its discretion. Thus, we must affirm.

¶ 38                                  VI. Pending Discovery

¶ 39    Plaintiff also argues that the trial court erred by ruling on defendant's *forum non conveniens* motion when defendant's discovery responses were outstanding.

¶ 40    Defendant responds that plaintiff failed to raise this argument in the trial court and thus it is waived.

¶ 41    It is well established that issues not raised in the trial court are waived and may not be raised for the first time on appeal. *Cholipski v. Bovis Lend Lease, Inc.*, 2014 IL App (1st) 132842, ¶ 58. This rule applies to interlocutory appeals, such as the instant appeal (*Cholipski*, 2014 IL App (1st) 132842, ¶ 58 (citing *IPF Recovery Co. v. Illinois Insurance Guaranty Fund*, 356 Ill. App. 3d 658, 659 (2005))); to civil cases (*Cholipski*, 2014 IL App (1st) 132842, ¶ 58 (citing *Werner v. Botti, Marinaccio & DeSalvo*, 205 Ill. App. 3d 673, 677 (1990))); and even to constitutional arguments (*Cholipski*, 2014 IL App (1st) 132842, ¶ 58 (citing *Connor v. City of Chicago*, 354 Ill. App. 3d 381, 386 (2004))).

¶ 42    In his reply brief, plaintiff does not claim that he had raised this argument before the trial court. Thus, we conclude that this argument is waived.

¶ 43    Plaintiff also claims that the trial court erred by not deciding his motion for leave to file an amended complaint *before* deciding defendant's *forum non conveniens* motion. Plaintiff's motion to file an amended complaint *instanter* was filed on August 11, 2014, only the day before defendant's *forum non conveniens* motion was set for hearing. Defendant's motion had been set for an August 12, 2014, hearing date several months before, in an order dated June 12, 2014, and had been fully briefed.

¶ 44    Plaintiff also claimed that the trial court erred by allegedly failing to consider his motion to strike certain misstatements of fact in defendant's reply brief before deciding defendant's *forum non conveniens* motion. As with plaintiff's motion to file an amended complaint, this motion was also filed the day before the August 12, 2014, hearing date.

¶ 45    Plaintiff argues that the trial court's failure to consider his flurry of last-minute motions is grounds for reversing the trial court's *forum non conveniens* decision. However, in support of this point, plaintiff fails to cite a single case, rule or statute or to make a reasoned legal argument for an extension of existing law. A reviewing court is under no obligation to consider an argument where a party "has failed to provide any legal authority" for it. *Tyrka v. Glenview Ridge Condominium Ass'n*, 2014 IL App (1st) 132762, ¶ 39. "This court has repeatedly held that a party waives a point by failing to argue it." *Lozman v. Putnam*, 379 Ill. App. 3d 807, 824 (2008). See *People v. Ward*, 215 Ill. 2d 317, 332 (2005) ("point raised in a brief but not supported by citation to relevant authority *** is therefore forfeited"); *In re Marriage of Bates*, 212 Ill. 2d 489, 517 (2004) ("A reviewing court is entitled to have issues clearly defined with relevant authority cited."); *Roiser v. Cascade Mountain, Inc.*, 367 Ill. App. 3d 559, 568 (2006) (by failing to offer supporting legal authority or any reasoned argument, plaintiffs waived consideration of their theory for asserting personal jurisdiction over defendants); *Ferguson v. Bill Berger Associates, Inc.*, 302 Ill. App. 3d 61, 78 (1998) ("it is not necessary to decide this question since the defendant has waived the issue" by failing to offer case citation or other support as Supreme Court Rule 341 requires); Ill. S. Ct. R. 341(h)(7) (eff. Feb. 6, 2013) (argument in appellate brief must be supported by citation to legal authority and factual record).

¶ 46                                                CONCLUSION

¶ 47    For the foregoing reasons, we cannot find that the trial court abused its discretion by granting defendant's *forum non conveniens* motion, and thus we must affirm.

¶ 48    In sum, we cannot find an abuse of discretion: where defendant seeks to transfer the suit to plaintiff's home forum; where plaintiff claims that "all documents, custodians and witnesses" are within defendant's control; where the two counties in question are adjacent to each other; where the underlying issue concerns the ownership of real property in the transferee forum; and where, lastly and least importantly, the court docket in the transferee forum is less congested.

¶ 49    Affirmed.