2018 IL App (1st) 180377
No. 1-18-0377
Opinion filed September 13, 2018

FOURTH DIVISION

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| CODY BENEDICT, By and Through His Guardian and Conservator, Angela Benedict, and ADDISON HAND, a Minor, By and Through Her Parents Chad and Kimberly Hand, | ) ) ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiffs-Appellees, | ) ) | No. 2016-M1-302742 |
| v. | ) ) | The Honorable William E. Gomolinski, |
| ABBOTT LABORATORIES, INC. | ) ) | Judge, presiding. |
| Defendant-Appellant. | ) | |

JUSTICE GORDON delivered the judgment of the court, with opinion.
Justices Burke and Ellis concurred in the judgment and opinion.

**OPINION**

¶ 1     Plaintiffs, Cory Benedict and Addison Hand, allege, by and through their parents, that

they suffer from serious birth defects caused by their *in utero* exposure to Depakote, an

antiepilectic drug manufactured, marketed, and sold by defendant, Abbott Laboratories, Inc., and ingested by plaintiffs' mothers during pregnancy.

¶ 2       In this interlocutory appeal, defendant, Abbott Laboratories, Inc., appeals the trial court's denial of its *forum non conveniens* motion. Defendant argues that the trial court abused its discretion by denying its motion (1) to dismiss the case in Illinois for refiling in plaintiffs' home states of Missouri and Colorado or (2), alternatively, to transfer the case from Cook County to adjacent Lake County, where defendant is headquartered. Although defendant's principal place of business is in Illinois, it argues that Illinois is inconvenient. For the following reasons, we cannot find that the trial court abused its discretion in denying defendant's motion, and thus, we must affirm.

¶ 3                                    BACKGROUND

¶ 4       Plaintiffs, Cory Benedict and Addison Hand, allege that defendant, Abbott Laboratories, Inc., failed to provide adequate warnings regarding the risk of birth defects from using Depakote and that, as a result, plaintiffs were born with spina bifida and neural tube defects after their mothers ingested the drug during pregnancy.

¶ 5       On this appeal, plaintiffs stress that defendant's decisions regarding product labeling and marketing occurred in Illinois, where defendant is headquartered, whereas defendant emphasizes that plaintiffs and their treating physicians are located outside of Illinois. Plaintiffs, Cody Benedict and Addison Hand, reside, respectively, in Missouri and Colorado, and their mothers were prescribed Depakote in their respective states.

¶ 6       Defendant is in the business of selling pharmaceutical and medical products in all 50 states, including Illinois. Specifically, defendant sold and marketed Depakote across the country, including in Illinois and in Cook County. Defendant's headquarters and principal

place of business are in Lake County, Illinois, while its registered agent is in adjacent Cook County. In this action, plaintiff served defendant's agent, CT Corporation, in Cook County. Defendant, a Delaware corporation, concedes that venue is proper in Cook County.

¶ 7    Plaintiffs filed a complaint on December 23, 2016, in Cook County alleging that "the primary compound in Depakote—valproic acid—has been established to cause severe birth defects if taken during the first trimester of pregnancy, especially during the first twenty-eight days of gestation when neural tube closure and other critical mid-line formations are taking place in the cellular structure of the developing embryo."

¶ 8    Plaintiffs further allege that, "[a]mong the 'major congenital anomalies' (*i.e.*, birth defects) known to result directly from first-trimester exposure to Depakote are, either singly or in some combination with each other, spina bifida, cleft palate, cleft lip, limb and digital deformities, facial dysmorphism, mental developmental delays, genitourinary malformations, and heart defects."

¶ 9    Plaintiffs allege that, on or before defendant began marketing Depakote in 1978, defendant was aware of birth defects associated with it and that, even as further evidence developed, defendant "consistently and systematically sought to minimize the risk and downplay the dangers" and aggressively marketed the drug for additional uses.

¶ 10    Plaintiffs' complaint alleges nine causes of action: (1) strict products liability, (2) negligence, (3) gross negligence, (4) breach of implied warranty, (5) breach of express warranty, (6) misrepresentation by omission, (7) fraud and misrepresentation, (8) intentional infliction of emotional distress, and (9) negligent infliction of emotional distress.

¶ 11    In lieu of filing an answer, defendant moved on March 3, 2017, to dismiss on various grounds, including misjoinder. Specifically, defendant argued that the claims of plaintiffs

Benedict and Hand were misjoined. The trial court did not rule on this motion prior to this appeal, and so this issue is not before us.[1]

¶ 12    On April 4, 2017, defendant moved to dismiss plaintiffs' claims arguing that they should be refiled in plaintiffs' home states or, in the alternative, transferred to Lake County, where defendant has its principal place of business.

¶ 13    While defendant's motions were pending in this suit, eight additional plaintiffs filed Depakote suits against defendant in Cook County. Their last names were Castillo, Counts, Collier, Kane, McGowan, Peyton, Tasker, and Mohammed. Of these eight, two resided in Illinois. However, the two Illinois plaintiffs (Castillo and Peyton), as well as five others (Counts, Collier, Kane, McGowan and Tasker), chose to voluntarily dismiss their suits. Defendant decided not to file a *forum non conveniens* motion against the sole remaining plaintiff in these eight cases, namely, the Muhammad plaintiff. In its appellate brief, defendant explained that it did not file a *forum non conveniens* motion in the Mohammed case because the plaintiff's family in that case resided in Cook County until 2014, "long after the child plaintiff was born."

¶ 14    On September 18, 2017, the trial court entered an order consolidating all current and future cases concerning Depakote filed in the circuit court of Cook County "for all purposes, excluding trial."[2]

¶ 15    On January 26, 2018, the trial court entered a memorandum opinion denying defendant's *forum non conveniens* motion. Defendant filed both (1) a motion to reconsider on

[1]In its brief to this court, defendant stated: "The Circuit Court has not ruled on [defendant's] misjoinder motion yet and therefore it is not the subject of this appeal."

[2]The order stated that the matter came "before the Court on Plaintiffs['] and Defendant[']s Joint Motion to Consolidate for Pre-Trial Purposes, the Court [having been] informed that more cases may be filed arising from" Depakote.

January 31, 2018, in the trial court and (2) a petition for leave to appeal on February 26, 2018, in the appellate court.

¶ 16    The trial court denied defendant's motion to reconsider on April 2, 2018. The parties then filed a joint motion in the appellate court to file a status report with a copy of the trial court's April 2 memorandum opinion. This court granted the motion on April 18, thereby making the trial court's April 2 memorandum opinion part of this appeal.

¶ 17    Since we must apply an abuse-of-discretion standard to the trial court's *forum non conveniens* decision,[3] we provide here the trial court's findings. In its April 2 opinion, the trial court observed that, "[i]n this case the focus is on [defendant's] failure to warn prescribing physicians that Depakote's main ingredient—valproic acid—is connected to severe birth defects and should not be taken during the first trimester." The trial court found that, since plaintiffs do not reside in Cook County, their choice of forum is entitled to less deference but that less deference does not mean no deference as defendant argued. In support, the trial court quoted *Langenhorst*, 219 Ill. 2d at 448 (" ' "the deference to be accorded is only *less*, as opposed to *none*" ' " (emphases in original) (quoting *First American Bank v. Guerine*, 198 Ill. 2d 511, 518 (2002), quoting *Elling v. State Farm Mutual Automobile Insurance Co.*, 291 Ill. App. 3d 311, 318 (1997))).

¶ 18    The trial court observed that, in a product liability case, the place where a plaintiff was injured matters less, and it cited numerous cases in support of this proposition: *Quaid v. Baxter Healthcare Corp.*, 392 Ill. App. 3d 757, 772 (2009) ("Where a case involves questions of product liability, the concern of having local interests resolved locally 'is of less

---

[3]As we discuss in more depth in the analysis below, the standard of review for a *forum non conveniens* decision is abuse of discretion. *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 441 (2006).

significance because products liability cases have broader implications.' " (quoting *Ammerman v. Raymond Corp.*, 379 Ill. App. 3d 878, 892 (2008))), *Ammerman*, 379 Ill. App. 3d at 892 ("the fact that [plaintiff's] accident occurred in Kane County as opposed to Cook County is of less significance because products liability cases have broader implications"); *Guerine*, 198 Ill. 2d at 525 ("plaintiffs' products liability claim against [defendant] *** is less localized"), *Brown v. Cottrell, Inc.*, 374 Ill. App. 3d 525, 534 (2007) (in product liability cases, "[b]oth this court and the supreme court have found those claims to be ones that are not inherently local in flavor"), *Woodward v. Bridgestone/Firestone, Inc.*, 368 Ill. App. 3d 827, 836 (2006) (due to the nature of a products liability case, "this is not a localized case" but "a case with international implications"), and *Hinshaw v. Coachmen Industries, Inc.*, 319 Ill. App. 3d 269, 278 (2001) ("any local interest on the part of, say, Woodford County is largely supplanted by a more general interest in the safety of Dodge vans").

¶ 19    The trial court found that Illinois had an interest in resolving a controversy over whether a corporation, headquartered in Illinois, may be sending forth products that caused harm. The court found that facts showing Illinois's interest in the controversy included

> "(1) gross sales in excess of $42 million on [defendant's] products in Cook County over the last ten years; (2) [defendant's] headquarters in Lake County, Illinois; (3) [defendant] does not argue improper venue in Illinois; (4) [defendant] admitted to Depakote-related marketing efforts directed toward regions including Cook County, Illinois; and (5) [defendant's] registered agent, C.T. Corporation is located in Cook County, Illinois."

¶ 20    As for defendant's alternative motion to transfer to Lake County, the trial court found: "[Defendant] seems to include its Lake County argument as an afterthought, and does not develop its argument other than mentioning it in a single-paragraph with no analysis."

¶ 21    The trial court had previously found that if the case were transferred to Missouri or Colorado, one of plaintiffs' home states, the compulsory process problem would remain with respect to the other plaintiff. *Erwin v. Motorola, Inc.*, 408 Ill. App. 3d 261, 277 (2011) (transfer to a state which is home to only one of the plaintiffs "would not solve the problem of *** witnesses unwilling to subject themselves to the compulsory process"). On the motion to reconsider, defendant argued that, if defendant's misjoinder motion was granted, it would solve this compulsory process problem. In response, the trial court found: "[Defendant] never mention[ed] the misjoinder motion in the original motion to transfer. [Defendant] attempts to argue its misjoinder motion under the guise of its reconsideration motion. This court is precluded from and will not consider a new legal argument on reconsideration not previously addressed."

¶ 22    On April 18, 2018, this court granted, pursuant to Illinois Supreme Court Rule 306(a)(2) (eff. Nov. 1, 2017),[4] defendant's petition for leave to appeal, and this appeal followed.

¶ 23                            ANALYSIS

¶ 24     Although defendant's principal place of business is in Illinois, defendant argues that Illinois is an inconvenient forum and that the trial court abused its discretion by denying its motion (1) to dismiss the case in Illinois for refiling in plaintiffs' home states of Missouri and

---

[4]Illinois Supreme Court Rule 306 permits a party to petition for leave to appeal to the appellate court from certain interlocutory orders, including "from an order of the circuit court allowing or denying a motion to dismiss on the grounds of *forum non conveniens*." Ill. S. Ct. R. 306(a)(2) (eff. Nov. 1, 2017).

Colorado or (2), alternatively, to transfer the case from Cook County to adjacent Lake County, where defendant is headquartered. For the following reasons, we cannot find that the trial court abused its discretion in denying defendant's motion and, thus, affirm.

¶ 25    In sum, defendant's principal argument is that plaintiffs' "claims rely on their individual physicians, family members, educators, medical records, pharmacy records, insurance records, education records, and sources of such records," which are all out of state. Most of the evidence listed by defendant consists of documentary records, which may be scanned and shared electronically, as defendant easily did with the supporting record that it filed in this appeal. As this court has previously observed, "the location of documents, records and photographs has become a less significant factor in *forum non conveniens* analysis in the modern age of e-mail, Internet, telefax, copying machines and world-wide delivery services, since they can now be easily copied and sent." *Vivas v. Boeing Co.*, 392 Ill. App. 3d 644, 659 (2009). As for plaintiffs' "family members" and "educators," these witnesses relate to the elements of injury and causation, as well as damages, and plaintiffs bear the burden of proof on these issues. *E.g. Pommier v. Jungheinrich Lift Truck Corp.*, 2018 IL App (3d) 170116, ¶ 23 (to recover in a product liability action, plaintiff must prove causation and injury). With respect to physicians, Illinois Supreme Court Rule 212(b) (eff. Jan. 1, 2011) specifically provides that "[t]he evidence deposition of a physician or surgeon may be introduced in evidence at trial on the motion of either party regardless of the availability of the deponent." This rule minimizes the cost and maximizes the access to out-of-state physicians. In addition, "[i]n any action in which the physical or mental condition of a party or of a person in the party's custody or legal control is in controversy, the court, upon notice and on motion made within a reasonable time before the trial, may order such party to

submit to a physical or mental examination by a licensed professional." Ill. S. Ct. R. 215(a) (eff. Jan. 1, 2018). Thus, a defendant may move the court for an examination of a plaintiff by a physician of its own choosing. As a result, these considerations do not compel us to find that the trial court abused its discretion. However, although we provided a summary here for convenience, we discuss and weigh carefully every single factor relating to *forum non conveniens* in the analysis below.

¶ 26 I. Standard of Review

¶ 27 "*Forum non conveniens* is an equitable doctrine founded in considerations of fundamental fairness and the sensible and effective administration of justice." *Langenhorst*, 219 Ill. 2d at 441 (citing *Vinson v. Allstate*, 144 Ill. 2d 306, 310 (1991)). "This doctrine allows a trial court to decline jurisdiction when trial in another forum 'would better serve the ends of justice.' " *Langenhorst*, 219 Ill. 2d at 441 (quoting *Vinson*, 144 Ill. 2d at 310). "*Forum non conveniens* is applicable when the choice is between interstate forums as well as when the choice is between intrastate forums," such as in the case at bar. *Glass v. DOT Transportation, Inc.*, 393 Ill. App. 3d 829, 832 (2009). The burden is always on the movant to show the need for a transfer. *Erwin*, 408 Ill. App. 3d at 275; *Woodward*, 368 Ill. App. 3d at 833 ("[t]he burden is on a defendant to show" the need for a transfer).

¶ 28 The standard of review for a *forum non conveniens* decision is abuse of discretion. *Langenhorst*, 219 Ill. 2d at 441.

¶ 29 "A trial court is afforded considerable discretion in ruling on a *forum non conveniens* motion." *Langenhorst*, 219 Ill. 2d at 441. "We will reverse the circuit court's decision only if defendants have shown that the circuit court abused its discretion in balancing the relevant factors." *Langenhorst*, 219 Ill. 2d at 442 (citing *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d

167, 176-77 (2003)). "A circuit court abuses its discretion in balancing the relevant factors only where no reasonable person would take the view adopted by the circuit court." *Langenhorst*, 219 Ill. 2d at 442 (citing *Dawdy*, 207 Ill. 2d at 177); *Glass*, 393 Ill. App. 3d at 832.

¶ 30    "The issue, then, is not what decision we would have reached if we were reviewing the facts on a clean slate, but whether the trial court acted in a way that no reasonable person would." *Vivas*, 392 Ill. App. 3d at 657. In addition, "we may affirm a trial court's *forum non conveniens* order on any basis found in the record." *Ruch v. Padgett*, 2015 IL App (1st) 142972, ¶ 40.

¶ 31                                II. Plaintiffs' Choice of Forum

¶ 32    "Before weighing the relevant factors, a court must first decide how much deference to give to a plaintiff's choice of forum." *Vivas*, 392 Ill. App. 3d at 657 (citing *Langenhorst*, 219 Ill. 2d at 448 (the supreme court determined the appropriate amount of deference before weighing the relevant factors)).

¶ 33    It is " 'assumed on a *forum non conveniens* motion that the plaintiff's chosen forum is a proper venue for the action.' " *Langenhorst*, 219 Ill. 2d at 448 (quoting *Dawdy*, 207 Ill. 2d at 182). "Plaintiff's choice of forum is entitled to substantial deference." *Langenhorst*, 219 Ill. 2d at 448; *Guerine*, 198 Ill. 2d at 521 ("the battle over forum begins with the plaintiff's choice already in the lead"). However, when neither the plaintiff's residence nor the site of the injury are located in the chosen forum, the plaintiff's choice is "entitled to *somewhat* less deference." (Emphasis in original.) *Langenhorst*, 219 Ill. 2d at 448; *Guerine*, 198 Ill. 2d at 517. While " ' "the deference to be accorded to a plaintiff regarding his choice of forum is less when the plaintiff chooses a forum other than where he resides *** nonetheless the

deference to be accorded is only *less*, as opposed to *none*." ' " (Emphases in original.) *Langenhorst*, 219 Ill. 2d at 448 (quoting *Guerine*, 198 Ill. 2d at 518, quoting *Elling*, 291 Ill. App. 3d at 318). Thus, the trial court did not abuse its discretion by finding that plaintiffs' choice of Cook County was entitled to some deference.

¶ 34                                    III. Private Interest Factors

¶ 35        When a court considers a *forum non conveniens* motion, the Illinois Supreme Court has held that it must consider both "the private and public interest factors." *Langenhorst*, 219 Ill. 2d at 443; *Dawdy*, 207 Ill. 2d at 172-173; see also *Vivas*, 392 Ill. App. 3d at 658. "[N]o single factor is controlling." *Erwin*, 408 Ill. App. 3d at 274 (citing *Langenhorst*, 219 Ill. 2d at 443).

¶ 36        First, we consider the private interest factors, which are " '(1) the convenience of the parties; (2) the relative ease of access to sources of testimonial, documentary, and real evidence; and (3) all other practical problems that make trial of a case easy, expeditious, and inexpensive.' " *Langenhorst*, 219 Ill. 2d at 443 (quoting *Guerine*, 198 Ill. 2d at 516); *Dawdy*, 207 Ill. 2d at 172; see also *Vivas*, 392 Ill. App. 3d at 658.

¶ 37                                   A. Convenience to the Parties

¶ 38        First, the convenience of the parties does not weigh in favor of transfer, for the following reasons.

¶ 39        With respect to this factor, "the defendant must show that the plaintiff's chosen forum is inconvenient to the *defendant*." (Emphasis added.) *Langenhorst*, 219 Ill. 2d at 450; *Vivas*, 392 Ill. App. 3d at 658. "[T]he defendant cannot assert that the plaintiff's chosen forum is inconvenient to the plaintiff." *Langenhorst*, 219 Ill. 2d at 444; *Vivas*, 392 Ill. App. 3d at 658. In other words, "one party cannot argue the other party's convenience." *Padgett*, 2015 IL

11

App (1st) 142972, ¶ 51; *Susman v. North Star Trust Co.*, 2015 IL App (1st) 142789, ¶ 27. Where a defendant has "its headquarters in plaintiffs' chosen forum," the convenience factor does not weigh in favor of transfer. *Vivas*, 392 Ill. App. 3d at 658. A party "cannot be heard to complain that his home forum is inconvenient unless other factors are at issue." *Susman*, 2015 IL App (1st) 142789, ¶ 27; *Erwin*, 408 Ill. App. 3d at 276 ("Motorola could not genuinely contend that litigating the case in Illinois, where it maintained its corporate headquarters, would prove inconvenient to it"); *Vivas*, 392 Ill. App. 3d at 658 (the convenience of the parties did not weigh in favor of transfer, where "defendant Boeing has its headquarters" in Illinois). Thus, in the case at bar, the convenience factor does not weigh in favor of transferring the case out of Illinois, which defendant concedes is the site of is principal place of business and its headquarters.

¶ 40        In addition to seeking an interstate transfer, defendant also seeks an intrastate transfer from Cook County, where plaintiffs filed this case, to adjacent Lake County. The evidence relating to the convenience of an intrastate transfer are as follows.

¶ 41        In an interrogatory response, defendant admitted that it is "headquartered and maintains its principal place of business in Lake County, Illinois." In a response to a request for admission, defendant admitted that "its home office located at 100 Abbott Park Road, Abbot Park, Illinois is approximately 34 to 36 miles from Cook County Circuit Court located at 50 West Washington Street, Chicago, Illinois." In addition, defendant admitted that it leases "approximately 1,000 square feet of office space in a building at the University of Illinois at Chicago."

¶ 42        In light of the fact that Lake County is adjacent to Cook County and that defendant's headquarters is only an hour and half from the Cook County circuit court in downtown

Chicago and only a half hour from the Cook County circuit court in Skokie, we cannot find that this factor weighs in favor of an intrastate transfer. See *infra* ¶ 56.

¶ 43                                B. Ease of Access to Evidence

¶ 44        The trial court did not abuse its discretion by concluding that the ease of access to evidence did not favor transfer for the following reasons. See *Langenhorst*, 219 Ill. 2d at 443.

¶ 45        First, while defendant lists categories of individuals, such as treating physicians, who it believes will not be available in Cook County, defendant has not identified a single witness by name who would be unwilling to testify in Illinois. In *Erwin*, 408 Ill. App. 3d at 277, this court previously considered a *forum non conveniens* motion where the defendant failed to provide the name or address of a single witness who would be unwilling to testify in Illinois. We found: "Since the burden of proof lies with [the defendant], under these circumstances, we are not at liberty to speculate about a witness' whereabouts or unwillingness to testify at trial." *Erwin*, 408 Ill. App. 3d at 277.

¶ 46        In its opening brief to this court, defendant argued that plaintiff Benedict listed one fact witness who resides in Missouri and plaintiff Hand listed four fact witnesses who reside in Colorado. When asked in an interrogatory to list the name and address of any person "with personal knowledge of the facts related to the claims alleged in this case," plaintiffs listed defendant, plus these five additional witnesses who live in Missouri and Colorado. However, defendant does not argue that it intends to call these five witnesses, and defendant has the burden of proof on this motion. *E.g. Erwin*, 408 Ill. App. 3d at 275.

¶ 47        Defendant also cites plaintiffs' interrogatory responses listing treating physicians and treating facilities in their home states, an issue that we address below.

¶ 48          Second, this court has previously held that, when a court considers a *forum non conveniens* motion in a non-medical malpractice case, the location of a plaintiff's treatment facility or treating physician is "not completely irrelevant," but a court should be careful not to "afford it undue weight." *Ammerman*, 379 Ill. App. 3d at 890 (citing *Bland v. Norfolk & Western Ry. Co.*, 116 Ill. 2d 217, 227 (1987)).

¶ 49          By contrast, this court has previously found, in a product liability case, that it is important to consider the location of the witnesses and evidence relating to the design and manufacture of the product at issue. *Vivas*, 392 Ill. App. 3d at 658-59. In the case at bar, defendant admitted, in a response to a request for admissions, that "some" employees with "personal knowledge of Depakote products reside or have permanent personal addresses in Chicago, Cook County." Then, in a document production, defendant provided a list of 12 specific "employees residing in Cook County who it understands to have personal knowledge of the marketing promoting, selling and labeling of Depakote products." The list included first and last names, job titles, and departments.

¶ 50          Further, in an interrogatory response, defendant provided a list of 57 "employees who were responsible for the sale or servicing of Depakote products in the Cook County, Illinois area at any time from 2007 to the present," and it admitted that "[v]arious versions of the Depakote products are manufactured in Lake County, Illinois."

¶ 51          Defendant argues in its brief to this court that it has "made no such admission" that the listed employees are potential witnesses. It claims that it has not admitted that these witnesses have "personal knowledge relevant to Plaintiff's claims." By the same token, defendant has not affirmatively denied that these employees have personal knowledge

relevant to plaintiff's claims, and defendant has the burden of proof. *E.g. Erwin*, 408 Ill. App. 3d at 275.

¶ 52    Third, as we already observed above, "the location of documents, records and photographs has become a less significant factor in *forum non conveniens* analysis in the modern age of e-mail, Internet, telefax, copying machines and world-wide delivery services, since they can now be easily copied and sent." *Vivas*, 392 Ill. App. 3d at 659. See also *Erwin*, 408 Ill. App. 3d at 281 ("it has become well recognized by our courts that given our current state of technology *** documentary evidence can be copied and transported easily and inexpensively"); *Woodward*, 368 Ill. App. 3d at 834 ("the location of documents is not significant because documents can be transported with ease and at little expense"); *Glass*, 393 Ill. App. 3d at 836-37 ("there should be little difficulty encountered in securing documentary evidence, given that current technology allows documents to be copied and transported easily and inexpensively"); *Ammerman*, 379 Ill. App. 3d at 890 ("the location of documentary evidence has become less significant because today's technology allows documents to be copied and transported easily and inexpensively"). Thus, this factor also does not favor transfer.

¶ 53    In sum, where "potential witnesses and evidence [are] scattered among different states," we cannot find that the trial court abused its discretion in concluding that this factor "did not tilt in favor" of transfer. *Vivas*, 392 Ill. App. 3d at 659. See also *Erwin*, 408 Ill. App. 3d at 280 (defendant Motorola "failed in its burden to establish that the relative ease of obtaining such 'scattered' testimonial evidence weighed strongly in favor of dismissal and transfer"); *Woodward*, 368 Ill. App. 3d at 834 (where "potential trial witnesses are scattered

15

among different forums, including the plaintiffs' chosen forum," this factor does not favor transfer).

¶ 54                                    C. Practical Problems

¶ 55        The last private interest factor is a consideration of " 'all other practical problems that make trial of a case easy, expeditious, and inexpensive.' " *Langenhorst*, 219 Ill. 2d at 443 (quoting *Guerine*, 198 Ill. 2d at 516); *Dawdy*, 207 Ill. 2d at 172; see also *Vivas*, 392 Ill. App. 3d at 658.

¶ 56        First, with respect to the intrastate part of defendant's motion, to move the suit from Cook County to Lake County, this court finds that this factor does not favor transfer. With respect to this factor, this author has previously found:

> "This court, which is located in Chicago, Cook County, may take judicial notice
> of the fact that Lake County is adjacent to Cook County and that many people
> commute every day from Lake County to work in Chicago. Ill. R. Evid. 201(b) (eff.
> Jan. 1, 2011) ('A judicially noticed fact must be one not subject to reasonable dispute
> in that it is *** generally known within the territorial jurisdiction of the trial court
> ***.'); Ill. R. Evid. 201(c) (eff. Jan. 1, 2011) ('A court may take judicial notice,
> whether requested or not.'). The close proximity of the two counties, and the many
> roads and trains between the two, reduces any practical problems. *Speigelman v.*
> *Victory Memorial Hospital*, 392 Ill. App. 3d 826, 844 (2009) (observing 'the close
> proximity of Lake County to Cook County'); *Huffman v. Inland Oil & Transport Co.*,
> 98 Ill. App. 3d 1010, 1018 (1981) ('arguments regarding convenience to the parties
> and the witnesses [are] of little merit where the Missouri forum suggested by

defendant was only 15 miles from the chosen forum').” *Susman*, 2015 IL App. (1st) 142789, ¶ 31.

¶ 57　　　　As far as the interstate portion of the transfer motion, we have already discussed most of the issues above. In addition, we observe that, as shown by the addresses on the documents filed by defendant, defendant's law firm is based in both Chicago, Illinois, and St. Louis, Missouri. In fact, the specific attorneys who represented defendant, both in the court below and on this appeal, are located in Chicago and St. Louis, thereby easing issues with respect to the Missouri plaintiff and suit in Cook County. While little weight should be accorded the location of the movant's attorney on a *forum non conveniens* motion, “a court may still consider it in the *forum non conveniens* analysis.” *Vivas*, 392 Ill. App. 3d at 660. See also *Dawdy*, 207 Ill. 2d at 179 (“a court may consider this factor”); *Woodward*, 368 Ill. App. 3d at 835 (“We also note that the defendants' counsel of record have offices in Illinois. Although not a significant factor, we may consider it in our analysis.”).

¶ 58　　　　Third, defendant argues repeatedly about what the “history of the Depakote litigation has taught us” and what it has learned from other cases. However, when plaintiffs argue that Cook County is a convenient forum for defendant as shown by its past litigation here, defendant argues that consideration of other cases should not be a factor in a *forum non conveniens* motion. This court has found that claims based on “a defendant's prior litigation experience *** lack[ ] merit.” *Ammerman*, 379 Ill. App. 3d at 888. This is “because *forum non conveniens* claims are heavily dependent upon the facts of each case and accordingly 'must be decided pursuant to an “individualized, case-by-case consideration of convenience and fairness.” ' ” *Ammerman*, 379 Ill. App. 3d at 888 (quoting *Gridley v. State Farm Mutual*

*Automobile Insurance Co.*, 217 Ill. 2d 158, 168 (2005), quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

¶ 59     For all the foregoing reasons, we find that the trial court did not abuse its discretion in finding that the private interest factors did not favor transfer.

¶ 60                                IV. Public Interest Factors

¶ 61     When deciding a *forum non conveniens* motion, a court must also consider the public interest factors. These factors include: "(1) the interest in deciding controversies locally; (2) the unfairness of imposing trial expense and the burden of jury duty on residents of a forum that has little connection to the litigation; and (3) the administrative difficulties presented by adding litigation to already congested court dockets." *Langenhorst*, 219 Ill. 2d at 443-44 (citing *Guerine*, 198 Ill. 2d at 516-17); *Gridley*, 217 Ill. 2d at 170; *Dawdy*, 207 Ill. 2d at 173. See also *Vivas*, 392 Ill. App. 3d at 660.

¶ 62     First, we consider the respective forums' interests in deciding these controversies and the fairness of imposing jury duty on the forums' residents. Although both Missouri and Colorado obviously have an interest in an injury to their citizens, Illinois also has an interest in deciding whether a corporation, whose principal place of business and headquarters are here, sent forth a product that injured citizens across the nation. The residents of a forum "have an interest in ensuring the safety of the products that its corporations build and ship throughout the world, particularly when one of those corporations has its world headquarters here." *Vivas*, 392 Ill. App. 3d at 661. See also *supra* ¶ 18.

¶ 63     In its brief to this court, defendant argues that plaintiffs "do not dispute" that Missouri and Colorado law applies. However, before the trial court, plaintiffs argued that the choice-of-law issue was "premature" and that "a choice-of-law analysis is necessary only if there is

a difference between the relevant laws of different states." Thus, defendant is incorrect to the extent that it claims that plaintiffs have conceded this issue. In addition, "[a] choice-of-law determination is required only when a difference in law will make a difference in the outcome." *Townsend v. Sears, Roebuck & Co.*, 227 Ill. 2d 147, 155 (2007). As we noted before, defendant has the burden of proof, and it has not argued that a choice-of-law determination will make a difference in the outcome of this suit.

¶ 64 Even if were to assume that Missouri and Colorado law applied, the choice-of-law factor would not change our finding on appeal. "Although choice-of-law issues are a factor to consider, they are not usually dispositive." *Vivas*, 392 Ill. App. 3d at 662. "An Illinois court is competent to determine which law applies to this controversy and to apply the law of [a foreign forum], if necessary." *Woodward*, 368 Ill. App. 3d at 837. Thus, we cannot find that this factor tilts in favor of transfer.

¶ 65 Lastly, we must consider "the administrative difficulties presented by adding litigation to already congested court dockets." *Langenhorst*, 219 Ill. 2d at 444 (citing *Guerine*, 198 Ill. 2d at 516-17). Cook County courts are generally more congested than Lake County courts. *Hackl v. Advocate Health & Hospitals Corp.*, 382 Ill. App. 3d 442, 453 (2008) ("we recognize that Cook County does have more cases filed than Lake County and also takes more time for those cases to reach verdict"). See also *Susman*, 2015 IL App (1st) 142789, ¶ 36 ("Plaintiff did not argue in the court below or before this court that Cook County is less congested [than Lake County], nor could he."). *Cf. Guerine*, 198 Ill. 2d at 525 (observing that "Cook County circuit court is more congested" than other Illinois county circuit courts). However, "[c]ourt congestion is a relatively insignificant factor." *Guerine*, 198 Ill. 2d at 517.

¶ 66        Thus, we cannot find that the trial court abused its discretion in finding that the public factors did not favor transfer.

¶ 67                                CONCLUSION

¶ 68        With respect to defendant's *forum non conveniens* motion, plaintiffs argue that defendant's decisions regarding product labeling and marketing occurred in Illinois where defendant is headquartered, while defendant emphasizes that plaintiffs and their treating physicians are located outside of Illinois. We have carefully considered and weighed every factor in the *forum non conveniens* doctrine, with respect to both interstate and intrastate transfer, and we cannot find that the trial court abused its discretion by denying defendant's motion.

¶ 69        Affirmed.