2025 IL App (1st) 241350-U

No. 1-24-1350

Order filed March 5, 2025

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| CATHERINE LENTZ, Independent Executor of the Estate of ROBERT J. LENTZ, deceased, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| vs. | ) ) | No. 2023 L 11408 |
| GEOFFREY KUHLMAN, M.D., and ADVENTIST HEALTH PARTNERS, INC. d/b/a UCHICAGO MEDICINE ADVENTHEALTH MEDICAL GROUP PRIMARY CARE AT 329 BOLINGBROOK, | ) ) ) ) ) | Honorable |
| Defendants-Appellants. | ) ) | Maire Dempsey, Judge, presiding. |

JUSTICE MARTIN delivered the judgment of the court.
Justices Reyes and D.B. Walker concurred in the judgment.

**ORDER**

¶ 1     *Held*:     We affirm the order of the circuit court and remand for further proceedings. The circuit court did not abuse its discretion when it denied defendants' motion to transfer brought pursuant to the doctrine of *forum non conveniens*.

¶ 2     This appeal arises from a circuit court order denying defendants' motion to transfer on the grounds of *forum non conveniens*, pursuant to Illinois Supreme Court Rule 187 (eff. Jan. 1, 2018).

The sole issue in this interlocutory appeal is whether the circuit court abused its discretion when it denied defendants' motion. For the following reasons, we affirm.[1]

¶ 3                                    I. BACKGROUND

¶ 4         On June 17, 2022, decedent Robert J. Lentz was experiencing pain in his neck, abdomen, and arms. The same day, Lentz presented to defendant Doctor Geoffrey Kuhlman's office for a physical examination based on his complaints. The following day, Lentz died due to a myocardial infarction which resulted from extensive coronary artery disease.

¶ 5         On November 8, 2023, plaintiff Catherine Lentz, independent executor of Robert J. Lentz's estate, filed suit in Cook County, Illinois, alleging medical malpractice and wrongful death against defendants, Doctor Kuhlman and Adventist Health Partners—doing business as UChicago Medicine Adventhealth Medical Group Primary Care at 329 Bolingbrook (UChicago Bolingbrook). Specifically, plaintiff alleged that Doctor Kuhlman failed to properly screen and assess Lentz's symptoms and that he further failed to refer Lentz to a cardiologist. Plaintiff contended that Lentz's family history of myocardial infarction, his ongoing treatment from a rheumatologist, and his diagnostic assessment from the rheumatologist which indicated Lentz had high inflammatory markers, was sufficient to inform Doctor Kuhlman, as an agent of UChicago Bolingbrook, that further steps were necessary to treat Lentz.

¶ 6         Defendants filed a *forum non conveniens* motion to transfer venue on March 12, 2024, claiming that Cook County has no significant nexus to the facts of this case and that plaintiff's choice of forum is entitled to less deference since she is a foreign plaintiff. Further, defendants

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

argued that both the private and public interest factors strongly favor transfer, where there is a strong interest in resolving this case in Will County.

¶ 7    Plaintiff filed a reply, countering that the balance of factors does not strongly favor transfer and defendants cannot meet their burden to prove such. Plaintiff alleged that UChicago Bolingbrook has facilities in Cook County, Doctor Kuhlman lives in DuPage County, and there are sufficient connections with Cook County since Lentz received treatment at Rush Rheumatology Center.

¶ 8    After reviewing the parties' filings and attached exhibits, the circuit court entered a written "Opinion and Order" on May 30, 2024, denying defendant's motion. In its order, the court analyzed the applicable private and public interest factors. The court held that, in this case, plaintiff's choice of forum should be awarded some deference. The court further observed that neither plaintiff nor Doctor Kuhlman reside in Cook County, and did not find this factor to weigh strongly in favor of transfer. The court determined that ease of access to testimonial evidence disfavored transfer where Doctor Kuhlman resides in DuPage County and "[o]ther potential witnesses are also scattered across various counties." The court noted the neutrality of the documentary evidence factor, citing current technology and the ease of data transmission. The court found the possibility of viewing the premises not to be a significant consideration, as this case arises out of alleged malpractice rather than conditions relating to the facility's premises. Nonetheless, the court found that this aspect of the factor does weigh in favor of transfer, although it determined that defendants had not "provided a compelling argument that strongly favors transfer." The court found neutral the consideration of the availability of compulsory process and noted no significant difference in the cost of travel for willing witnesses. Though the court

acknowledged that "traveling to the Loop can be more difficult," it found that it is not a factor that strongly favors transfer.

¶ 9        In analyzing the public interest factors, the court noted that Will County's interest in deciding the local controversy was "a little stronger" than Cook County's interest but ultimately found this factor to "not weigh strongly in favor of transfer." The court next found that the imposition of jury duty factor weighs slightly in favor of plaintiff. Last, the court determined that "comparing the court congestion of both counties is largely pointless as it would not shift the weight of the factors in Defendants' favor." Ultimately, finding that "the Defendant did not meet its burden," the court denied the motion to transfer.

¶ 10        On July 31, 2024, this court granted defendants' petition for leave to appeal, pursuant to Illinois Supreme Court Rule 306(a)(2) (eff. Oct. 1, 2020).[2]

¶ 11                                II. ANALYSIS

¶ 12        Defendants concede that jurisdiction and venue are proper in Cook County but contend that Cook County is not a convenient forum to litigate plaintiff's claims. Specifically, defendants claim that there is no significant connection between Cook County and the underlying cause of action. Accordingly, they believe that the circuit court abused its discretion when it improperly balanced the private and public interest factors.

¶ 13        The equitable doctrine of *forum non conveniens* is "founded in considerations of fundamental fairness and the sensible and effective administration of justice." *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 441 (2006). A trial court may decline jurisdiction if it

---

[2]Rule 306(a)(2) allows a party to petition for leave to appeal "from an order of the circuit court allowing or denying a motion to dismiss on the grounds of *forum non conveniens*, or from an order of the circuit court allowing or denying a motion to transfer a case to another county within this State." Ill. S. Ct. R. 306(a)(2).

determines that holding the trial in another forum " 'would better serve the ends of justice.' " *Id*. (quoting *Vinson v. Allstate*, 144 Ill. 2d 306, 310 (1991)).

¶ 14 Our supreme court has held that a court must consider both the applicable private and public interest factors when deciding a motion to transfer based on *forum non conveniens*. *Langenhorst*, 219 Ill. 2d at 443. Additionally, the court should consider plaintiff's choice of forum, which is generally a "substantial" factor. *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 173 (2003). A court must balance all factors together, not placing too much weight on any one factor, and determine if, under the totality of the circumstances, " 'the balance of factors strongly favors' dismissal of the litigation." *Inman v. Howe Freightways, Inc.*, 2022 IL App (1st) 210274, ¶ 40. " 'If central emphasis were placed on any one factor, the *forum non conveniens* doctrine would lose much of the very flexibility that makes it so valuable.' " *Dawdy*, 207 Ill. 2d at 176 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249-50 (1981)).

¶ 15 A plaintiff's initial choice of forum will prevail in most instances, "provided venue is proper and the inconvenience factors attached to such forum do not greatly outweigh the plaintiff's substantial right to try the case in the chosen forum." *Adamian as Next Friends of Adamian v. Balash*, 2024 IL App (1st) 231876, ¶ 10. The movant bears the burden to demonstrate the need for a transfer. *Benedict By and Through Benedict v. Abbott Laboratories, Inc.*, 2018 IL App (1st) 180377, ¶ 27; *Langenhorst*, 219 Ill. 2d at 444 (noting it is the defendant's burden to demonstrate that the factors "strongly favor" transfer).

¶ 16 *Forum non conveniens* grants "courts discretionary power that should be exercised *only in exceptional circumstances* when the interests of justice require a trial in a more convenient forum." (Emphasis in original.) *Id*. at 442. A *forum non conveniens* decision is reviewed for an abuse of discretion. *Benedict*, 2018 IL App (1st) 180377, ¶ 29. We will only reverse the circuit court's

decision if defendants have demonstrated that the court abused its discretion in balancing the relevant private and public interest factors. *Langenhorst*, 219 Ill. 2d at 442. "A circuit court abuses its discretion in balancing the relevant factors only where no reasonable person would take the view adopted by the circuit court." *Id*. Our job is not to ascertain what weight we would have given the relevant factors, but to assess "whether the trial court's balancing of the factors exceeded the bounds of reasonable disagreement." *Adamian*, 2024 IL App (1st) 231876, ¶ 11.

¶ 17        Applying the *forum non conveniens* factors to the instant case, we conclude that the circuit court did not abuse its discretion where the record does not support defendants' claim that the trial court failed to properly consider or apply the relevant factors.

¶ 18                                A. Plaintiff's Choice of Forum

¶ 19         Prior to weighing the relevant private and public interest factors, "a court must first decide how much deference to give to a plaintiff's choice of forum." *Benedict*, 2018 IL App (1st) 180377, ¶ 32 (quoting *Vivas v. Boeing Co.*, 392 Ill. App. 3d 644, 657 (2009)). "The plaintiff has a substantial interest in choosing the forum where [their] rights will be vindicated, and the plaintiff's forum choice should rarely be disturbed unless the other factors strongly favor transfer." *Langenhorst*, 219 Ill. 2d at 442. Yet, a plaintiff's choice of forum is not entitled to equal weight or consideration in all cases. *Dawdy*, 207 Ill. 2d at 173. For instance, when the plaintiff is foreign, the assumption that plaintiff's choice is convenient is much less reasonable. *Id*. As "the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference." *Id*. at 173-74 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981)). However, less deference does not mean *no* deference. (Emphasis added.) *Decker v. Union Pacific R. Co.*, 2016 IL App (5th) 150116, ¶ 19.

¶ 20 In the instant case, defendants argued that plaintiff is "forum shopping," since the decedent's medical treatment took place in Will County but plaintiff filed suit in Cook County. In its review, the circuit court noted both defendants' argument and the fact that plaintiff had chosen a foreign forum. Ultimately, the court held that plaintiff's choice of forum was "entitled to some deference." Defendants argue that this was an abuse of discretion because "the court's reasoning disregarded the fact that Plaintiff engaged in a clear attempt at forum shopping." Further, they contend that the court should have afforded plaintiff's choice "far less deference," rather than "some deference." We find this argument to be one of semantics. The court noted that, traditionally, a plaintiff's forum choice would be given "substantial" deference. As plaintiff did not choose her home forum, however, it noted that it was giving plaintiff's choice "some" deference. The court correctly found that plaintiff's choice of venue should be given somewhat less deference where it is neither the county of her residence nor the county where the alleged medical malpractice took place. As our supreme court has held, " 'the deference to be accorded is only *less,* as opposed to *none.*' " (Emphases in original.) *Langenhorst*, 219 Ill. 2d at 448 (quoting *First American Bank v. Guerine*, 198 Ill. 2d 511, 525 (2002)). Furthermore, "while courts acknowledge that plaintiffs forum shop, courts may not consider this practice in a *forum non conveniens* analysis." *Dawdy*, 207 Ill. 2d at 175. As we cannot say that no reasonable person would take the view adopted by the circuit court, we find the court did not abuse its discretion in concluding that plaintiff's choice was entitled to some deference.

¶ 21 B. Private Interest Factors

¶ 22 The circuit court must next consider the relevant private interest factors: (1) the parties' convenience; (2) the relative ease and access of testimonial, documentary, and real evidence sources; (3) the availability of compulsory process to secure unwilling witnesses' attendance; (4)

the cost of obtaining willing witnesses' attendance; (5) the possibility of viewing the premises, if appropriate; and (6) any and all other practical considerations that make trial easy, expeditious, and inexpensive. *Larson v. Illinois Central School Bus, LLC*, 2023 IL App (3d) 220360, ¶ 20.

¶ 23                                    1. Parties' Convenience

¶ 24         Plaintiff resides in Will County and Doctor Kuhlman's office is also located in Will County. Yet the court found that Doctor Kuhlman resides in DuPage County, and various other potential witnesses are "scattered across various counties." Defendants contend that a trial in Will County would be substantially more convenient than in Cook County, for both the parties and witnesses. They argue that the court abused its discretion because it ignored Doctor Kuhlman's affidavit attesting it would be more convenient to attend trial in Will County, as it would allow him to see patients. Further, they assert that the court failed to consider any of the potential witnesses' addresses that were provided by plaintiff.

¶ 25         The significance of defendants' argument, however, is diminished by the fact that Cook and Will Counties "border one another and are both part of the Chicago metropolitan area and linked by numerous public and private transportation options." *Cf. Adamian*, 2024 IL App (1st) 231876, ¶ 18 (discussing Lake and Cook Counties); but see *Evans v. MD Con, Inc.*, 275 Ill. App. 3d 292, 298 (1995) (venue transferred from Cook County to adjacent Will County where various private interest factors weighed strongly in favor of transfer). We discern little inconvenience for defendants to try this case in Cook County, where Cook and Will Counties are adjacent, the potential witnesses are "scattered" across various counties (and, in some instances, states), and travel distances for most of the potential witnesses are minimally different. "When adjoining counties are involved, [t]he battle over the forum results in a battle over the minutiae." (Internal quotation marks omitted.) *Langenhorst*, 219 Ill. 2d at 450 (quoting *Guerine*, 198 Ill. 2d at 519-20).

¶ 26                                    2. Access to Evidence

¶ 27        We find little support for defendants' motion regarding the second private-interest factor—the relative ease of access to sources of testimonial, documentary, and real evidence. Considering testimonial evidence, as noted above, Doctor Kuhlman lives in DuPage County, adjacent to both Cook and Will Counties. Plaintiff notes that Doctor Kuhlman lives equidistant from both the Cook County courthouse and the Will County courthouse. In noting that other potential witnesses are "scattered across various counties," the court found that transfer of the case "would have little impact on the availability of witnesses and testimonial evidence factors." Defendants counter that the majority of plaintiff's potential witnesses are "cumulative damage witnesses," but this argument is speculative and defendants fail to explain how this fact would shift the balance in favor of transfer. Defendants concede that the decedent had prior medical treatment in Cook County but argue that plaintiff fails to explain what relevant testimony prior treating doctors may provide.

¶ 28        Regarding documentary evidence, the court noted that this factor is neutral, since medical records are easily distributable and electronic formats have made access to documents more convenient. Defendants argue that this ignores the possibility of needing an inspection of the medical records or an audit trail. We agree with the circuit court's analysis, and note that Illinois courts have held that " 'the location of documents, records and photographs has become a less significant factor in *forum non conveniens* analysis in the modern age of e-mail, Internet, telefax, copying machines and world-wide delivery services, since they can now be easily copied and sent.' " *Benedict*, 2018 IL App (1st) 180377, ¶ 52 (quoting *Vivas*, 392 Ill. App. 3d at 659). Thus, this factor does not favor transfer.

¶ 29                    3. Availability of Compulsory Process

¶ 30        Here, the circuit court correctly noted that this factor does not weigh in favor of transfer where the availability of compulsory process to secure the attendance of any potential unwilling witnesses is equally available in either forum.

¶ 31                           4. Cost of Attendance

¶ 32        The circuit court found that the cost of obtaining the attendance of willing witnesses did not strongly favor transfer, where the two counties at issue are adjacent and the witnesses are scattered, which would result in no significant difference in the cost of travel. We find no abuse in this determination.

¶ 33                            5. Viewing Premises

¶ 34        In this case, the trial court noted that there was no need to view the site of the alleged malpractice, UChicago Bolingbrook, where the case arises out of alleged medical malpractice and not conditions relating to the medical facility's premises. Therefore, although the court explained that the possibility of viewing the premises favored Will County, it also recognized that this factor was not "a significant consideration." Our supreme court has noted that "the necessity or propriety of viewing the scene is a decision left within the discretion of the trial court." *Dawdy*, 207 Ill. 2d at 179. Further, Illinois courts have held that, "as a practical matter, a viewing of the site is rarely or never called for in a medical negligence case." *Hackl v. Advocate Health and Hospitals Corp.*, 382 Ill. App. 3d 442, 452 (2008). We find this factor insufficient to justify transfer to Will County.

¶ 35                          6. Practical Considerations

¶ 36        Last of the private interest factors, we weigh all other practical considerations that make a trial easy, expeditious, and inexpensive. A court may consider this factor but should accord it "little weight." *Dawdy*, 207 Ill. 2d at 179. In considering practical problems, the circuit court again noted

the neutrality of the availability of compulsory process and cost of obtaining the witnesses' attendance. The court acknowledged the possibility that traveling to the Loop might be slightly more difficult, but did not believe this to be a factor which strongly favored transfer. Defendants argue that traffic congestion, mileage, tolls, parking costs, lodging costs, and meal expenses will be exceedingly difficult and inconvenient if the trial is held in Cook County. However, as noted above, the court determined the adjacency of the counties and the scattered residences of the witnesses would result in no significant difference in the cost of travel between Cook and Will Counties. Again, we find no abuse in this determination.

¶ 37                                C. Public Interest Factors

¶ 38        Next, we consider the relevant public interest factors: "(1) the administrative difficulties caused when litigation is handled in congested venues instead of being handled at its origin, (2) the unfairness of imposing jury duty upon residents of a community with no connection to the litigation, and (3) the interest in having local controversies decided locally." *Larson*, 2023 IL App (3d) 220360, ¶ 40.

¶ 39                               1. Administrative Difficulties

¶ 40        The trial court noted that of the public interest factors, this factor "is given the least consideration and cannot justify transfer if none of the other factors weigh strongly in favor of transfer." Accordingly, the court found that comparing the congestion of both counties would not shift the weight of the factors in defendants' favor. Defendants argue that Cook County's docket is statistically more congested than that of Will County and aver that Will County's civil clearance rate is higher. Illinois courts have held that the circuit " 'court is in the better position to assess the burdens on its own docket' when deciding a *forum non conveniens* motion." *Inman*, 2022 IL App (1st) 210274, ¶ 57; *Langenhorst*, 219 Ill. 2d at 451 (trial court is in the best position to consider its

ability to try the case in an expeditious manner). While we recognize that Cook County does have more cases filed than Will County, the busier docket of Cook County does not necessarily require that this case be transferred to Will County when considered with the other factors we have discussed. See, *e.g.*, *Guerine*, 198 Ill. 2d at 525 (concluding that although Cook County's docket was busier than that of the potential transferee county, "court congestion alone is not dispositive").Where the circuit court found that court congestion did not weigh in favor of transfer, we have no basis to find the court came to an incorrect conclusion on this factor.

¶ 41                                    2. Imposition of Jury Duty

¶ 42        Our supreme court has repeatedly acknowledged that " '[j]ury duty constitutes a burden to the citizens of a county who must serve on the jury.' " *Fennel v. Illinois Cent. R. Co.*, 2012 IL 113812, ¶ 45. Further, it has noted that a county has an interest in providing a forum when there is a relevant or practical connection with the litigation. *Id*. Here, the circuit court noted that the burden and expense factor weighed slightly in favor of the case remaining in Cook County, as "there is a clear connection through Adventist Health." Where the court found that this case does have some connection to Cook County, we cannot say it is therefore unfair to impose the burden of jury duty on residents of Cook County. See *Inman*, 2022 IL App (1st) 210274, ¶ 56 (citing *Ammerman v. Raymond Corp.*, 379 Ill. App. 3d 878, 892 (2008)).

¶ 43                                    3. Local Controversies

¶ 44        The circuit court noted that "the location of the occurrence resulting in the litigation is the most significant factor in giving any forum a local interest." Defendants argued that the location of the alleged negligence (UChicago Bolingbrook) gives Will County residents a greater interest in resolving the controversy than Cook County residents. Plaintiffs countered that UChicago Medicine does a significant amount of business in Cook County and noted that the decedent's prior

rheumatology treatment at Rush (in Cook County) was also significant to the case. In its examination, the court acknowledged that the injury occurred in Will County and recognized that Will County therefore undoubtedly has an interest in deciding a controversy involving an incident that occurred within its borders. Nonetheless, the court determined that Cook County also had a legitimate interest in resolving the controversy, since UChicago Bolingbrook both "does business" in and, more importantly, has physical locations in Cook County. The court acknowledged that Will County's interest was a little stronger than Cook County's interest but found that the "factor does not weigh strongly in favor of transfer." This is not unreasonable.

¶ 45    The circuit court found that, overall, plaintiff's chosen forum of Cook County had a substantial enough connection to the litigation. It is not up to this Court to reweigh the factors and determine how we would have ruled on the *forum non conveniens* motion, but rather to analyze the circuit court's balancing of the relevant factors. We conclude that the record does not strongly indicate that a trial in Will County would better serve the convenience of the parties and the ends of justice. As we can neither say that no reasonable person would take the view adopted by the circuit court nor that the court's balancing of the factors exceeded the bounds of reasonable disagreement, we find that the circuit court did not abuse its discretion.

¶ 46                         III. CONCLUSION

¶ 47    Based on the foregoing reasons, the judgment of the circuit court is affirmed and we remand the case to the circuit court for further proceedings.

¶ 48    Affirmed and remanded.